**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

S & S EXCAVATIONS, INCORPORATED,                                              PLAINTIFFS
and RAY SIGGERS

v.                                         No. 5:10CV00099 JLH

JACK MAY, individually and in his official
capacity as Mayor of McGehee, Arkansas; and
the CITY OF MCGEHEE, ARKANSAS                                                 DEFENDANTS

**OPINION AND ORDER**

S & S Excavations, Incorporated, and Ray Siggers have brought this action against Jack May, individually and in his official capacity as the Mayor of McGehee, and the City of McGehee, Arkansas, alleging that May and the City of McGehee discriminated on the basis of race in selecting a contractor for demolition work. The City appropriated funds for the demolition work and authorized May to retain the services of excavators. Most of the contracts were for less than $5,000 and were performed in 2009 and 2010. In 2008, Siggers contacted May about performing demolition work. Siggers is an African American who is the sole shareholder, officer and director of S & S Excavations. S & S Excavations was incorporated in April of 2005 but had its charter revoked for failure to pay its franchise tax in December of 2006. Its charter was reinstated in December of 2010. In November of 2009, R.C. Construction, LLC, a company owned by a white person, submitted estimates to remove two buildings. Although May had contracted with R.C. Construction before, he thought that the estimates were too high. May directed an employee to secure estimates for these demolition jobs from Siggers. Siggers provided estimates that were considerably lower than the bids from R.C. Construction. The parties dispute whether these Siggers' estimates were made in his

individual capacity or only on behalf of S & S Excavations. The work ultimately was awarded to R.C. Construction.

The defendants have moved for summary judgment. The City has moved for summary judgment on the ground that a city only may be liable under 42 U.S.C. § 1983 when there is a municipal policy or custom that has caused the deprivation of constitutional rights. May has moved for summary judgment on the ground that S & S Excavations was not authorized to do business in the State of Arkansas and hence was ineligible to enter into a contract. May contends that Siggers did not seek employment individually but only on behalf of S & S Excavations. May has also moved for summary judgment based on qualified immunity.

The Eighth Circuit has held that municipal liability arises only if there is an official municipality policy or custom underlying the injury, but the court has also said that a single act of a policymaker may suffice to establish such a policy when that act comes from a person in an authoritative policymaking position and represents the official policy of the municipality. *Chism v. Curtner*, 619 F.3d 979, 983 (8th Cir. 2010). Here, May was the mayor and chief executive officer of the City and had the authority to select the persons or entities with whom the City would enter into contracts regarding the demolition work. *See* Ark. Code Ann. §§ 14-42-102, -504. His actions represent the official policy of the City. Based on May's refusal to award the demolition work to Siggers despite Siggers' lower bids, a jury may infer that the City has an underlying policy or custom of racial discrimination—provided that Siggers is able to establish that his bids were rejected on account of his race. If so, the City could be liable pursuant to section 1983 for this constitutional injury. *See, e.g.*, *Pembaur v. City of Cincinnati*, 475 U.S. 469, 484-85, 106 S. Ct. 1292, 1300-01, 89 L. Ed. 2d 452 (1986) (county may be held liable under section 1983 where county prosecutor,

who had power under state law to establish county policy under appropriate circumstances, commanded police officers to forcibly enter a physician's clinic in violation of the Fourth Amendment); *Angarita v. St. Louis Cnty.*, 981 F.2d 1537, 1546-47 (8th Cir. 1992) (jury verdict against county affirmed where superintendent of police, who had final policymaking authority for the police department and was the highest ranking officer in the county, "approved of and condoned . . . and, in all likelihood, facilitated" due process violations committed against other officers).

In his motion for summary judgment, May claims that he declined to accept Siggers' bid, even though it was significantly lower than R.C. Construction's bid, because S & S Excavations was not authorized to do business in Arkansas. This is a legitimate, nondiscriminatory reason for declining to select S & S Excavations. However, construing the evidence in Siggers' favor, there is a material question of fact as to whether May's proffered explanation is a pretext for discrimination. May testified in his deposition that he had spoken with some individuals from a neighboring city regarding S & S Excavations and was informed that S & S Excavations did not do satisfactory work. He did not, however, testify that he chose the higher bid because S & S Excavations was not authorized to do business inasmuch as its corporate charter had been revoked. May did not even indicate in his deposition that he was aware that S & S Excavation's charter had been revoked, which calls into question the credibility of May's new justification for declining to contract with S & S Excavations. *See Anderson v. Durham D & M, L.L.C.*, 606 F.3d 513, 521 (8th Cir. 2010) (a plaintiff may raise a material question of fact as to pretext by showing that the proffered explanation has no basis in fact); *Young v. Warner-Jenkinson Co., Inc.*, 152 F.3d 1018, 1023 (8th Cir. 1998) ("This inconsistency in the reasons advanced by [the defendant] is sufficient to create a genuine fact issue as to whether the reason proffered by [the defendant] was the true reason for" the

challenged employment decision.); *Kobrin v. Univ. of Minn.*, 34 F.3d 698, 703 (8th Cir. 1994) ("Substantial changes over time in the employer's proffered reason for its employment decision support a finding of pretext"). Further, S & S Excavations and Siggers have offered affidavits from both of the individuals with whom May said that he spoke, and both of them deny having said anything negative to May about S & S Excavations and Siggers. *See Anderson*, 606 F.3d at 521. Consequently, there is a genuine issue of material fact as to whether the reason for the decision by May to enter into a contract with the higher bidder rather than with S & S Excavations or Siggers was motivated by impermissible discrimination.

The defendants also have moved for summary judgment as to Siggers in his individual capacity on the ground that he did not seek to obtain the contract in his own name but only in the name of S & S Excavations. Siggers denies that his bid was made only as an agent, employee, or officer of S & S Excavations. More to the point, under Arkansas law, if the corporate charter had been revoked then Siggers, who was the sole shareholder, officer and director, would not have had the benefit of the corporate shield. *Bullington v. Palangio*, 345 Ark. 320, 324-27, 45 S.W.3d 834, 836-38 (2001). Thus, as a matter or law, Siggers would be individually liable for any contract into which he purportedly entered on behalf of S & S Excavations. *Id.* This potential responsibility runs both ways. Summary judgment as to Siggers in his individual capacity is not appropriate.

Finally, May has moved for summary judgment on the ground of qualified immunity. Qualified immunity does not protect government officials from liability where (1) the facts alleged, taken in the light most favorable to the injured party, show that the officer's conduct violated a constitutional right; and (2) the constitutional right was clearly established at the time of the deprivation so that a reasonable officer would understand his conduct was unlawful. *Nance v.*

*Sammis*, 586 F.3d 604, 609 (8th Cir. 2009). It has long been established that municipal corporations and their officers may not discriminate on the basis of race when they enter into contracts. *See Monell v. Dep. of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). *See also Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 609, 107 S. Ct. 2022, 2026, 95 L. Ed. 2d 582 (1987) ("Although § 1981 does not itself use the word 'race,' the Court has construed the section to forbid all 'racial' discrimination in the making of private as well as public contracts."); *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476, 126 S. Ct. 1246, 1250, 163 L. Ed. 2d 1069 (2006) ("We have never retreated from what should be obvious from reading the text of the statute: Section 1981 offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship, so long as the plaintiff has or would have rights under the existing or proposed contractual relationship."). As discussed above, there is a material question of fact regarding whether May violated Siggers' or S & S Excavations' constitutional rights by discriminating on the basis of race. Consequently, May is not entitled to qualified immunity. If he did not discriminate on the basis of race, he will be entitled to prevail on the merits.

The motion for summary judgment is DENIED. Document #10.

IT IS SO ORDERED this 21st day of April, 2011.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE